UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA A. CIRCELLO and MARY OLIVER,  :
                                                           :
                                    **Plaintiffs,**  :

                    **- against -**  :   **Case No. 07 Civ. 6933**
                                                         :   **(WP4/GAY)**
**COMMUNITY MUTUAL SAVINGS BANK,**  :
                                                         :   **ANSWER**
                               **Defendant.**  :
------------------------------------------------------------X

        Defendant, Community Mutual Savings Bank ("Defendant"), by and through its attorneys, Bleakley Platt & Schmidt, LLP, for its Answer to Plaintiffs' Verified Complaint, dated August 1, 2007 herein ("Complaint"), states as follows:

### AS TO "NATURE OF ACTION"

        1.     Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits that Plaintiffs purport to allege age discrimination and retaliation claims under federal and New York State law in the Complaint.

        2.     Defendant denies each and every allegation set forth in Paragraph 2 of the Complaint, except admits that Plaintiffs purport to allege age discrimination claims under the Age Discrimination in Employment Act of 1967 ("ADEA") in the Complaint.

        3.     Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint, except admits that Plaintiffs purport to allege unpaid overtime claims under the Fair Labor Standards Act ("FLSA") in the Complaint.

        4.     Defendant denies each and every allegation set forth in Paragraph 4 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

5.    Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint, except admits that this Court has jurisdiction over the federal claims alleged in the Complaint.

6.    Defendant denies each and every allegation set forth in Paragraph 6 of the Complaint, except admits that this Court has jurisdiction over the federal claims alleged in the Complaint.

7.    Defendant denies each and every allegation set forth in Paragraph 7 of the Complaint, except admits that venue in the Southern District of New York is proper.

8.    Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint, except admits that the U.S. Equal Employment Opportunity Commission ("EEOC") issued "right-to-sue" letters to Plaintiffs, both dated April 27, 2007.

## AS TO "PARTIES"

9.    Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint, except admits that Mount Vernon, New York, is located in Westchester County.

10.    Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint, except admits that Mount Vernon, New York, is located in Westchester County.

11.    Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint, except admits that Defendant maintains offices at 123 Main Street, White Plains, New York 10601.

12.    Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint, and affirmatively state that no response to this Paragraph is required to the extent that it states a legal conclusion.

13.    Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint, and affirmatively state that no response to this Paragraph is required to the extent that it states a legal conclusion.

14.    Defendant denies each and every allegation set forth in Paragraph 14 of the Complaint.

15.    Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

## AS TO "FACTS"

A.    **Maria A. Circello**

16.    Defendant denies each and every allegation set forth in Paragraph 16 of the Complaint, except admits that Plaintiff Circello was employed by Defendant in various positions from 1967 to 2006.

17.    Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint.

18.    Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the Complaint, except admits that Plaintiff Circello has informed Defendant that her alleged date of birth is September 24, 1938.

19.    Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Complaint, except admits that Plaintiff

Circello was requested to keep accurate time records of her work at certain times of her employment.

20.     Defendant denies each and every allegation of the main clause set forth in Paragraph 20 of the Complaint, and responds as follows to the sub-clauses thereof:

20(a)     Defendant denies each and every allegation set forth in Paragraph 20(a) of the Complaint.

20(b)     Defendant denies each and every allegation set forth in Paragraph 20(b) of the Complaint.

20(c)     Defendant admits the allegations set forth in Paragraph 20(c) of the Complaint.

20(d)     Defendant denies each and every allegation set forth in Paragraph 20(d) of the Complaint.

20(e)     Defendant denies each and every allegation set forth in Paragraph 20(e) of the Complaint.

20(f)     Defendant denies each and every allegation set forth in Paragraph 20(f) of the Complaint.

20(g)     Defendant denies each and every allegation set forth in Paragraph 20(g) of the Complaint.

21.     Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint, and each subparagraph thereof, except admits that Plaintiff Circello in her time records purports to have worked the hours alleged in these subparagraphs.

22.     Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

4

23.     Defendant denies each and every allegation set forth in Paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint.

25.     Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint, except admits that the unpaid 60 minute lunch period was reduced to 30 minutes for all employees, including Plaintiff Circello, at some point in 2006.

26.     Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint, except admits that all employees, including Plaintiff Circello, were requested not to schedule healthcare appointments during working hours except in cases of emergency.

27.     Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint.

28.     Defendant denies each and every allegation set forth in Paragraph 28 of the Complaint.

29.     Defendant denies each and every allegation set forth in Paragraph 29 of the Complaint.

30.     Defendant denies each and every allegation set forth in Paragraph 30 of the Complaint, except admits that Plaintiff Circello has informed Defendant that her alleged date of birth is September 24, 1938.

31.     Defendant denies each and every allegation set forth in Paragraph 31 of the Complaint.

32.     Defendant denies each and every allegation set forth in Paragraph 32 of the Complaint.

**B.      Mary Oliver**

33.      Defendant denies each and every allegation set forth in Paragraph 33 of the Complaint, except admits that Plaintiff Oliver was employed by Defendant in various positions from 1969 to 2006.

34.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the Complaint, except admits that Plaintiff Oliver has informed Defendant that her alleged date of birth is December 22, 1942.

35.      Defendant denies each and every allegation of the main clause set forth in Paragraph 35 of the Complaint, and responds as follows to the sub-clauses thereof:

35(a)      Defendant denies each and every allegation set forth in Paragraph 35(a) of the Complaint.

35(b)      Defendant denies each and every allegation set forth in Paragraph 35(b) of the Complaint.

35(c)      Defendant admits the allegations set forth in Paragraph 35(c) of the Complaint.

35(d)      Defendant denies each and every allegation set forth in Paragraph 35(d) of the Complaint.

35(e)      Defendant denies each and every allegation set forth in Paragraph 35(e) of the Complaint.

35(f)      Defendant denies each and every allegation set forth in Paragraph 35(f) of the Complaint.

35(g)    Defendant denies each and every allegation set forth in Paragraph 35(g) of the Complaint.

36.    Defendant denies each and every allegation set forth in Paragraph 36 of the Complaint.

37.    Defendant denies each and every allegation set forth in Paragraph 37 of the Complaint.

38.    Defendant denies each and every allegation set forth in Paragraph 38 of the Complaint, except admits that the unpaid 60 minute lunch period was reduced to 30 minutes for all employees, including Plaintiff Oliver, at some point in 2006.

39.    Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint, except admits that all employees, including Plaintiff Oliver, were requested not to schedule healthcare appointments during working hours except in cases of emergency.

40.    Defendant denies each and every allegation set forth in Paragraph 40 of the Complaint.

41.    Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42.    Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint.

43.    Defendant denies each and every allegation set forth in Paragraph 43 of the Complaint.

44.    Defendant denies each and every allegation set forth in Paragraph 44 of the Complaint.

45.    Defendant denies each and every allegation set forth in Paragraph 45 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"

46.    Defendant repeat their responses to each and every allegation set forth in the foregoing Answers to Paragraphs 1 to 45 of the Complaint as if fully set forth herein in response to Paragraph 46 in the Complaint.

47.    Defendant denies each and every allegation set forth in Paragraph 47 of the Complaint.

48.    Defendant denies each and every allegation set forth in Paragraph 48 of the Complaint.

49.    Defendant denies each and every allegation set forth in Paragraph 49 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"

50.    Defendant repeat their responses to each and every allegation set forth in the foregoing Answers to Paragraphs 1 to 49 of the Complaint as if fully set forth herein in response to Paragraph 50 of the Complaint.

51.    Defendant denies each and every allegation set forth in Paragraph 51 of the Complaint.

52.    Defendant denies each and every allegation set forth in Paragraph 52 of the Complaint.

53.    Defendant denies each and every allegation set forth in Paragraph 53 of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"

54.     Defendant repeat their responses to each and every allegation set forth in the foregoing Answers to Paragraphs 1 to 53 of the Complaint as if fully set forth herein in response to Paragraph 54 of the Complaint.

55.     Defendant denies each and every allegation set forth in Paragraph 55 of the Complaint.

56.     Defendant denies each and every allegation set forth in Paragraph 56 of the Complaint.

57.     Defendant denies each and every allegation set forth in Paragraph 57 of the Complaint.

## AS TO "FOURTH" CAUSE OF ACTION"

58.     Defendant repeat their responses to each and every allegation set forth in the foregoing Answers to Paragraphs 1 to 57 of the Complaint as if fully set forth herein in response to Paragraph 58 of the Complaint.

59.     Defendant denies each and every allegation set forth in Paragraph 59 of the Complaint.

60.     Defendant denies each and every allegation set forth in Paragraph 60 of the Complaint.

61.     Defendant denies each and every allegation set forth in Paragraph 61 of the Complaint.

62.     Defendant denies each and every allegation set forth in Paragraph 62 of the Complaint.

**AS TO "FIFTH" CAUSE OF ACTION"**

63.    Defendant repeat their responses to each and every allegation set forth in the foregoing Answers to Paragraphs 1 to 62 of the Complaint as if fully set forth herein in response to Paragraph 63  of  the Complaint.

64.    Defendant denies each and every allegation set forth in Paragraph 64 of the Complaint.

65.    Defendant denies each and every allegation set forth in Paragraph 65 of the Complaint.

66.    Defendant denies each and every allegation set forth in Paragraph 66 of the Complaint.

**AS TO "RELIEF REQUESTED"**

67.    Defendant denies each and every allegation set forth in Paragraph 67 of the Complaint, including those set forth in each subparagraph thereof.

**FIRST AFFIRMATIVE DEFENSE**

68.    Plaintiffs' Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

69.    Plaintiffs' claims are each barred, in whole or in part, by the applicable statute of limitations or other  limitations period.

**THIRD AFFIRMATIVE DEFENSE**

70.    Plaintiffs' Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiffs were undertaken in good faith for legitimate, non-discriminatory business reasons unrelated to Plaintiffs' age.

## FOURTH AFFIRMATIVE DEFENSE

71.    Plaintiffs have failed to satisfy, in whole or in part, the statutory prerequisites for filing some or all of their claims.

## FIFTH AFFIRMATIVE DEFENSE

72.    Even if Plaintiffs could prove their age was a factor in any employment actions taken with respect to their employment, which it was not, Defendant would have made the same employment actions regardless of Plaintiffs' age.

## SIXTH AFFIRMATIVE DEFENSE

73.    Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which either liquidated or punitive damages may be awarded.

## SEVENTH AFFIRMATIVE DEFENSE

74.    Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

## EIGHTH AFFIRMATIVE DEFENSE

75.    Plaintiffs' Complaint should be dismissed and the demands for relief stated therein should be denied because Plaintiffs have failed, in whole or in part, to mitigate the damages they each allegedly suffered.

## NINTH AFFIRMATIVE DEFENSE

76.    Upon information and belief, Plaintiffs' claims, in whole or in part, are barred by the election of remedies of New York State law.

## TENTH AFFIRMATIVE DEFENSE

77.    Plaintiffs' claims are barred under the doctrine of accord and satisfaction.

## TWELTH AFFIRMATIVE DEFENSE

78.    Plaintiffs' claims for age discrimination under New York law must be dismissed because Defendant did not condone any alleged unlawful conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

79.    Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which attorneys' fees may be awarded.

## FOURTEENTH AFFIRMATIVE DEFENSE

80.    Plaintiffs'  claims are barred in whole or in part by the doctrines of waiver and collateral estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

81.    Plaintiffs' employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

## SIXTEENTH AFFIRMATIVE DEFENSE

82.    At all times relevant to this action, Plaintiffs were each exempt from the overtime provisions of the Fair Labor Standards Act.

## SEVENTEENTH  AFFIRMATIVE DEFENSE

Without admitting that Plaintiff was subject to the overtime provisions of the FLSA, Plaintiffs have each been compensated by Defendant for any and all hours worked at the required rate of pay.

WHEREFORE, Defendant respectfully requests this Court to:

1.      Dismiss Plaintiffs' Complaint and all claims for relief set forth therein with prejudice;

2.      Deny each and every demand for relief as set forth in Plaintiffs' Complaint;

3.      Strike Plaintiffs' demand for a jury trial; and

4.      Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

Respectfully submitted,

BLEAKLEY PLATT & SCHMIDT , LLP
One North Lexington Avenue
White Plains, New York 10601
(Tel.):  (914) 949-2700
(Fax)  (914) 683-6956

By:      _____
Joseph DeGiuseppe, Jr. (JD 6376)

ATTORNEYS FOR DEFENDANT
Community Mutual Savings Bank

Dated:  October 4, 2007
      White Plains, New York